**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 15, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-14264-DD
Case Style: USA v. Nayef Qashou
District Court Docket No: 3:19-cr-00364-ECM-KFP-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 21-14264

Non-Argument Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NAYEF AMJAD QASHOU,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:19-cr-00364-ECM-KFP-1

---

Before LAGOA, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Nayef Amjad Qashou appeals the district court's order denying his *pro se* motion to reconsider the denial of a post-judgment motion. In his post-judgment motion, Qashou alleged the government breached the plea agreement he entered following his conviction for making a false statement to a federal agency. After reviewing the record and reading the parties' briefs, we affirm the district court's order denying Qashou's motion to reconsider.

**I.**

The record reflects that Qashou was originally convicted in 2020. The government entered into a plea agreement with Qashou that the district court rejected. Qashou entered a second plea agreement with the government, in which the government recommended a sentence at the bottom of the advisory guideline range. The district court accepted the second plea agreement. After the district court sentenced him, Qashou did not appeal.

In June 2021, Qashou, proceeding *pro se*, filed a motion in his criminal case and asked the district court to declare the government breached his plea agreement, and he argued that his conviction should be set aside on the grounds of ineffective assistance of counsel and prosecutorial misconduct. At one point, he also asked the court to "release" him from the "illegal contract." The district court denied Qashou's motion shortly thereafter, however, finding that it was unclear, and that he had not filed a

motion to vacate pursuant to 28 U.S.C. § 2255. Qashou did not appeal this order, either.

Nevertheless, Qashou did belatedly file a motion for reconsideration of the district court's order on his June motion. Qashou later filed a 28 U.S.C. § 2255 motion asserting substantially similar claims as the ones asserted in his June motion. The district court denied the motion for reconsideration, noting, in part, that Qashou did not argue that there was an intervening change in the law or that he had newly discovered evidence for the court to consider, and noting that his § 2255 motion was the appropriate vehicle for his claims. This appeal followed.

**II.**

Qashou argues on appeal that his plea agreement should be voided in the interests of justice due to ineffective assistance of counsel and the government's breach of his plea agreement. Nevertheless, he does not, in his initial brief, explicitly challenge the denial of his motion for reconsideration or the reasons given for denying the same.

When appropriate, we will review the denial of a motion for reconsideration in a criminal action for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation marks omitted). We will review *de novo* whether

the government breached the plea agreement. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).

We will generally not consider non-jurisdictional arguments that are forfeited on appeal, however. *United States v. Campbell*, 26 F.4th 860, 872-73 (11th Cir.) (*en banc*), *cert. denied*, ___U.S. ___, 143 S. Ct. 95 (2022). Specifically, any "issue that an appellant wants the Court to address should be specifically and clearly identified in the brief. . .. Otherwise, the issue . . . will be considered abandoned." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (internal quotation marks omitted). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted) (discussing abandonment). Also, we will not consider issues raised for the first time in a reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (deeming "issues . . . raised for the first time in a . . . litigant's reply brief" abandoned).

We construe a *pro se* litigant's pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Nevertheless, we "can affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis." *See Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020).

**III.**

We conclude from the record that the district court did not abuse its discretion in denying Qashou's motion to reconsider its denial of a post-judgment motion in which Qashou alleged the

government breached his plea agreement. Initially, we conclude that the record demonstrates that Qashou has abandoned the one issue on appeal – whether the district court abused its discretion in denying his motion for reconsideration – by failing to identify it in his brief. *See Alba*, 517 F.3d at 1252; *Access Now, Inc.*, 385 F.3d at 1330; *Sapuppo*, 739 F.3d at 681. Although he addresses the issue in his reply brief, that is insufficient. *See Timson*, 518 F.3d at 874.

Further, if full appellate review is appropriate, we conclude that Qashou fails to show that the denial of his motion for reconsideration was an abuse of discretion. There is nothing in the record to indicate that the government breached its agreement to recommend that the district court sentence Qashou at the bottom of the advisory guideline range. The government made the agreed upon recommendation, and the district court sentenced him in conformity with the agreement. Rather, Qashou seems to argue that the government breached the first plea agreement, which the district court did not accept, and, thus, could not be breached. In his motion for reconsideration, and now on appeal, Qashou fails to show how the district court applied "an incorrect legal standard, followed improper procedures in making the determination, or [made] findings of fact that [were] clearly erroneous." *Harris*, 989 F.3d at 911. Thus, Qashou is not entitled to relief on appeal.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Qashou?s motion for reconsideration.[1]

**AFFIRMED**.

[1] We note that Qashou has filed a motion for relief under 28 U.S.C. § 2255, and it remains pending before the district court. We express no opinion herein about the merits or lack thereof of that motion.