IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

UNITED STATES OF AMERICA

vs. CASE NO.: 3:19cr364-ECM

NAYEF AMJAD QASHOU,

Defendant.

* * * * * * * * * * * * * * *

INITIAL APPEARANCE

* * * * * * * * * * * * * * *

BEFORE THE HONORABLE WALLACE CAPEL, JR., UNITED STATES MAGISTRATE JUDGE, at Montgomery, Alabama, on Wednesday, September 18, 2019, commencing at 11:38 a.m.

APPEARANCES

FOR THE GOVERNMENT: Mr. Robert K. Nichols III
Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
131 Clayton Street
Montgomery, Alabama 36104

FOR THE DEFENDANT: Mr. Stephen P. Ganter
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
817 South Court Street
Montgomery, Alabama 36104

Proceedings recorded by digital sound recording;

transcript produced by stenography and computer.

(The following proceedings were heard before the Honorable Wallace Capel, Jr., at Montgomery, Alabama, on Wednesday, September 18, 2019, commencing at 11:38 a.m.)

(Call to Order of the Court.)

MR. GANTER: Your Honor, we are ready to proceed.

(Defendant sworn.)

THE COURT: All right. Thank you. Mr. Qashou, good morning, sir.

You filled out a financial affidavit under penalty of perjury. Is the information here true and accurate?

THE DEFENDANT: Yes.

THE COURT: All right, sir. It doesn't appear that you can afford to hire an attorney. Would that be correct?

THE DEFENDANT: I believe that would be correct.

THE COURT: All right, sir. Mr. Qashou, you're here because there is an indictment that has been issued against you. In Count 1 it alleges a false statement to a federal agent. In Count 2 it alleges destruction, alteration, or falsification of records in a federal investigation.

If you were found to be guilty in Count 1, you could receive no more than a $250,000 fine or twice the gross loss to the victim or twice the gross gain to the defendant, whichever is greatest, no more than five years' imprisonment, or not more than eight years if it's found that the offense involves terrorism. Not more than three years' supervised release, a

$100 assessment fee, and there could be court costs.

On Count 2, not less than a $1,000 fine and not more than a $250,000 fine, twice gross loss to the victim or twice gross gain to the defendant, whichever is greatest, no more than 20 years' imprisonment or both the fine and imprisonment, no more than three years' supervised release, and a $100 assessment fee.

Sir, do you understand the charges against you and the possible penalties that you're facing, maximum penalties that you're facing, sir?

THE DEFENDANT: Yes, I understand the charges against me.

THE COURT: All right, sir. Now, you have a right to remain silent because anything that you say could be used against you. You have a right to appointment of counsel. If you cannot afford it, we're going to appoint the federal defender's office to represent you. You would also have a right to a determination of bond. In this case, the federal -- the government is recommending that you be detained and has filed a motion. They are indicating on that that you are a serious risk of obstruction of justice, that your appearance would be required, and that the safety of any other person or the community, and they are asking for a detention hearing.

It also indicates that there is an ICE detainer on him; is that correct, or is that not correct?

MR. NICHOLS: Judge, I'm not --

PROBATION OFFICER MARSHALL: Judge, I didn't -- I haven't -- my understanding, he's --

THE COURT: Naturalized citizen; correct?

MR. NICHOLS: Your Honor, I may be able to shed some light on that, but we may need to approach.

THE COURT: All right. Because it says in the motion for detention that he's subject to an ICE detainer.

MR. NICHOLS: That may just be a typo, Your Honor. I apologize.

THE COURT: Okay. Come. Put on the white noise, please.

(Sidebar with the judge and the attorneys.)

THE COURT: All right. Based upon that discussion, it appears that that reason for detention should not be in here, and the Court's ordering the government to file a supplemental one that takes that out of the motion for detention.

We are going to set a detention hearing on October 1st. We'll wait to do the arraignment until after we make those determinations if that's fine with you, Mr. Ganter.

MR. GANTER: It is, Your Honor.

THE COURT: What I am going to do, though, Mr. Ganter, in order for us to make the determination of detention, and based on the discussions that the government, Mr. Nichols, and yourself and I had in chambers along with pretrial services, is

that you are going to arrange to have him evaluated because there's a second motion in which they -- the government is asking for a mental competency hearing.

MR. GANTER: That is correct, Your Honor.

THE COURT: So what we're going to do is a preliminary assessment that you are going to have one of your experts do so we can make a determination of whether or not there's sufficient evidence to go forward on the government's motion and on the motion for detention; correct?

MR. GANTER: Your Honor, we will do that. I guess for purposes of the competency evaluation under 18 USC 4241(a) --

THE COURT: Correct.

MR. GANTER: -- we will also do a dangerousness assessment as well for purposes of detention, Your Honor.

THE COURT: Yes, sir. That comports, then, with what we had discussed. We'll set this for 11:00 on October 1st.

MR. GANTER: Very well, Your Honor.

THE COURT: All right. Okay. Sir, you're going to be held pending that detention hearing. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. You understand, your attorney has explained to you how we're going to proceed at this point in time; correct?

THE DEFENDANT: Yes, I understand.

THE COURT: All right, sir. We'll see you, then, on

October 1st at 11:00.

THE DEFENDANT: All right.

THE COURT: All right. Thank you very much.

MR. GANTER: Thank you, Your Honor.

MR. NICHOLS: Thank you, Your Honor.

THE COURT: Mr. Nichols, Mr. Ganter, thank you. I appreciate it.

(Proceedings concluded at 11:44 a.m.)

* * * * * * * * * * * * *

COURT REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript to the best of my ability from the official sound recording of proceedings in the above-entitled matter.

This 20th day of August, 2024.

/s/ Patricia G. Starkie
Registered Diplomate Reporter
Certified Realtime Reporter
Official Court Reporter