**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 21, 2026

Nayef Qashou
372 FRONTIER CIR
AUBURN, AL 36832

Appeal Number: 26-11694-C
Case Style: In re: Nayef Qashou
District Court Docket No: 3:19-cr-00364-ECM-KFP-1

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-11694

---

In re: NAYEF QASHOU,

*Petitioner.*

---

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Alabama
D.C. Docket No. 3:19-cr-00364-ECM-KFP-1

---

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

BY THE COURT:

Nayef Qashou, proceeding pro se, has filed a mandamus petition arising out of his criminal proceedings in the U.S. District Court for the Middle District of Alabama, specifically a recent motion he filed seeking a declaration that the government breached his plea agreement. He has paid the filing fee as to his petition. He

has also filed several motions to expedite consideration of his petition. In his mandamus petition, Qashou asserts that the district court has unreasonably delayed in ruling on his motion and asks us: (1) to compel the district court to issue an order on his motion by July 14, 2026, when his period of supervised release expires; or (2) if the district court does not issue an order before July 14, to direct the district court to preserve the motion so that the completion of his sentence alone does not moot the motion. After the July 14 deadline passed without a ruling, Qashou filed a notice in this Court arguing that he is not abandoning his mandamus petition or conceding it is moot, and asserting that he still seeks an order directing the district court to rule within a reasonable fixed period in the future, to define the district court's position and entitle him to appeal if necessary.

Mandamus is available only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion. *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Jackson*, 130 F.3d at 1004. The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 309 (1989). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th

Cir. 1991) (quotation omitted). Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (holding that a 14-month delay in ruling on a 28 U.S.C. § 2241 petition for no reason other than docket congestion was impermissible).

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Friends of the Earth, Inc. v. Laidlaw Envtl.* Servs. *(TOC), Inc.*, 528 U.S. 167, 212 (2000) (quotation marks omitted).

Here, we deny Qashou's mandamus petition in part and dismiss it in part. His request that we compel the district court to rule on his breach-declaration motion by July 14 is moot because the deadline has passed. *Id.* To the extent his petition asserts a claim of unreasonable delay generally and seeks to compel the district court to rule within a fixed time in the future, his claim fails on the merits. *See Johnson*, 917 F.2d at 1284. The district court, despite not ruling by July 14, did not unreasonably delay under the circumstances of the case. Specifically, Qashou filed his motion asserting a breach of the plea agreement as to the calculation of his imprisonment sentence years after his sentence expired and shortly before his supervised release term was to end. The motion was based entirely on facts available to him before sentencing, and he contributed to the district court's delay by submitting scores of motions and other filings around the same time.

As for his request to direct the district court to preserve the motion so that the completion of his sentence does not moot the motion, he fails to show that he is entitled in mandamus to have us direct the contents of the district court's prospective order on his motion. *Jackson*, 130 F.3d at 1004. Furthermore, if the court determines that it is without jurisdiction, then we may not issue a writ to the district court to act outside its prescribed jurisdiction. *In re Smith*, 926 F.2d at 1030.

Accordingly, Qashou's mandamus petition is **DENIED in part and DISMISSED in part**, and his motions to expedite are **DENIED** as moot.